Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0501

Attorneys for Creditor Jennifer Harrington

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In Re:<br><br>DAMIAN L. HARRINGTON,<br><br>Debtor. | Case No. 16-33410-rld13<br><br>CREDITOR JENNIFER HARRINGTON'S CONDITIONAL WITHDRAWAL OF OBJECTION TO CONFIRMATION |
|---|---|

COMES NOW Creditor Jennifer Harrington and hereby conditionally withdraws her objection to confirmation based upon the entry of the Order Confirming Plan which was proposed by Debtor (a copy of the proposed order is attached hereto as Exhibit A).

This withdrawal is without prejudice.

Dated this 22nd day of November, 2016.

Respectfully submitted,

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Attorney for Creditor Jennifer Harrington

PAGE 1 – CREDITOR JENNIFER HARRINGTON'S CONDITIONAL WITHDRAWAL OF
        OBJECTION TO CONFIRMATION

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2016, I served the foregoing CREDITOR JENNIFER HARRINGTON'S CONDITIONAL WITHDRAWAL OF OBJECTION TO CONFIRMATION on the following using the Court's CM/ECF notification process:

- JESSE A BAKER    ecforb@aldridgepite.com, JPB@ecf.inforuptcy.com;jbaker@aldridgepite.com

- CHRISTOPHER N COYLE    vbcattorney4@yahoo.com, chris@vbcattorneys.com

- Wayne Godare    c0urtmai1@portland13.com, c0urtmai1@portland13ct.com

- SCOTT J MITCHELL    scott@monsonlawoffice.com

- MICHAEL D O'BRIEN    enc@pdxlegal.com, hugo@pdxlegal.com;reception@pdxlegal.com

- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

I further certify that on November 22, 2016, I served the foregoing CREDITOR JENNIFER HARRINGTON'S OBJECTION TO CONFIRMATION on the following:

- None

by sending the document to each party above via First-Class U.S. Mail, postage pre-paid.


DATED: November 22, 2016

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Jennifer Harrington

In re                                                        )
                                                             )  Case No._____
                                                             )
                                                             )  CONFIRMATION HEARING DATE _____
                                                             )
                                                             )  **ORDER CONFIRMING PLAN**
Debtor(s)                                                    )  **AND RESOLVING MOTIONS**

The debtor's plan having been provided to creditors and the Court having found that it complies with 11 USC §1325, now, therefore IT IS ORDERED:

1. The debtor's plan dated _____, as modified by any amendment shown in ¶11, is confirmed.

2. The debtor shall incur no credit or debt obligations during the life of the plan without the trustee's written consent unless made necessary by emergency or incurred in the ordinary course of operating the debtor's business. Unless waived by the trustee in writing, the debtor shall report immediately, upon receipt of notice of the change, to the trustee if actual or projected gross annual income exceeds by more than 10% the gross income projected by the debtor in the most recently filed Schedule I. Except for those amounts listed in the schedules, the debtor shall report immediately to the trustee any right of the debtor or debtor's spouse to a distribution of funds (other than regular monthly income) or other property which exceeds a value of $2,500.00. This includes the right to disbursements from any source, including, but not limited to, bonuses and inheritances. Any such funds to which the debtor becomes entitled shall be held by the debtor and not used without the trustee's permission, or, if such permission is not obtained, a court order. The debtor shall not buy, sell, use, lease (other than a lease of real property in which the debtor will reside), encumber or otherwise dispose of any interest in: (a) real property; or (b) personal property with a value exceeding $10,000.00 outside the ordinary course of business without notice to all creditors and the trustee, with an opportunity for hearing unless such property is acquired through the use of credit and the trustee's permission is obtained pursuant to the first sentence of this paragraph.

3. During the life of the plan, the debtor(s) shall timely file all required tax returns and provide copies of all tax returns to the trustee each year immediately upon filing with the taxing authority. The debtor's failure to pay postpetition tax and/or domestic support obligations may constitute cause for dismissal of the debtor's Chapter 13 case under 11 USC §1307(c).

[**Note**: Printed text may not be stricken]

4.      (a) Per the filed *Application for Compensation* (LBF #1305), compensation to debtor's counsel of
$_____ is approved.
(b) If Schedule 2(b) was selected, and the fees and expenses as certified at the end of this document are
less than those estimated on the filed *Application for Compensation* (LBF #1305), fees and expenses in
the amount of $_____ are approved.
A total of $ _____has been paid, leaving $_____to be paid as funds become available per ¶2(b)(4)
of the plan.

5.   The value of collateral securing debts due holders of secured claims is fixed at the values stated in the plan
or the modifications in ¶11 below, only if a valuation motion(s) was included in the plan and served as required under
FRBP 7004, or the allowed amount of the secured claim was fixed by consent of the concerned secured creditor.  In
all other circumstances, the value of such collateral, if contested, shall be established through the claims process or
otherwise, as provided in title 11 or the FRBP.  Executory contracts and unexpired leases are assumed or rejected as
provided in the plan or the modifications in ¶11 below.  The name and service address for each creditor affected by this
paragraph are [**Note**: List alphabetically and only one creditor per line]:

6.   Nothing in the proposed plan or in this order shall be construed to prohibit the trustee from prevailing in any
adversary proceedings filed under 11 USC §§544, 545, 547, 548 or 549.

7.   (a) Pursuant to 11 USC §522(f)(1)(A) the court hereby avoids the following judicial liens [**Note**:  Listed
alphabetically, and only one per line, include each creditor's name and service address]:

(b)  Pursuant to 11 USC §522(f)(1)(B) the court hereby avoids the following non-purchase money liens [**Note**:
Listed alphabetically, and only one per line, include each creditor's name and service address]:

8.   The debtor, if operating a business without a tax account, shall open a separate bank account and promptly
deposit all sums withheld from employees' wages and all employer payroll taxes, and shall make no disbursements from
such account except to pay tax liabilities arising from payment of wages.

9.   All payments under the confirmed plan shall be paid no later than 5 years after the date the first payment  was
due under 11 USC §1326(a)(1).  If all payments are not completed by that date, the case may be dismissed.

10.   All creditors to which the debtor is surrendering property pursuant to the plan are granted relief from the
automatic stay to effect possession and to foreclose.

[**Note**:  Printed text may not be stricken]

Case 16-33469-rld13 - Page 27 of Filed 11/22/16

11.  The debtor moves to amend the plan by interlineation as follows, which amendments are allowed and become part of the confirmed plan [**Note**: Listed alphabetically, and only one per line, include the name and a service address for any creditor whose address is not listed in ¶5]:

12.  Creditors with prepetition claims excepted from the debtor(s)' discharge are enjoined from initiating any collection actions against the debtor(s) until this case is closed, dismissed, or converted to another chapter under title 11, unless they obtain relief from this order.

13.  The terms of this order are subject to any objection filed within 15 days by [**Note**: Listed alphabetically, and only one per line, include the name and a service address for any creditor whose address is not listed in ¶¶ 5, 7 or 11]:

14.  The trustee is authorized to commence disbursements in accordance with the plan.

15.  In the event this case is converted to Chapter 7, and the Chapter 13 trustee possesses funds aggregating more than $2,500.00 at the time of conversion, the Chapter 13 trustee shall forward all such funds to the debtor, in care of the debtor's attorney, if any, 10 days after the first scheduled §341(a) meeting in the Chapter 7 case unless, prior to that date, the Chapter 7 trustee files and serves a written objection pursuant to 11 USC §348(f)(2).  In the event the funds in the trustee's possession at such time aggregate $2,500.00 or less, or in the event this case is dismissed, the Chapter 13 trustee shall forward all funds in the trustee's possession to the debtor in care of the debtor's attorney, if any.  Nothing in this paragraph is to be construed as a determination of the rights of the parties to such funds.

16.  All mortgage creditors are granted relief from the automatic stay and co-debtor stay to negotiate with the debtor and co-debtor regarding modification of the underlying loan agreements, providing that any modification must receive the written consent of the trustee or be approved by order of the Court in order to become effective.  Negotiations with represented debtors must be with debtor's counsel who may consent to the creditor communicating directly with the debtor.

*###*

*I certify that on _____ I served this Order on the trustee for submission to the court.*

[To be completed if debtor's attorney elected to be paid per Schedule 2(b) on LBF #1305.] *I further certify under penalty of perjury that, through _____ [date], I have incurred hourly fees of $_____, and expenses of $_____, for a total of $_____.  A total of $_____ has been paid to me for the fees and expenses, leaving $_____ to be paid through the plan.  I have contemporaneous time and expense records and will provide an itemization of my fees and expenses to the Court or any party in interest in this case upon request.*

_____
*Debtor or Debtor's Attorney*

*Approved:* _____
                    *Trustee*

[**Note**:  Printed text may not be stricken.]

1350.05 (12/1/12) **Page 3 of 3**

Case 16-33460-rld13    Exhibit A - Page 27 of 4    Filed 11/22/16

**Attachment to Order Confirming Plan In re Damian L. Harrington, Case # 16-33410-rld13**

Paragraph 11 shall include the following changes to the Plan Dated 9/12/16:

1. As to Paragraph 1, STRIKE"$200", Replace with "$300"
2. As to Paragraph 2(b)(1), Claim of "J. Harrington Claim #1", STRIKE in its entirety and replace with a split claim as follows:
   a. J Harrington Claim #1, Equalizing Judgment entered 12/31/15, n/a, $7,380, n/a, 5%, $175 per month
   b. J Harrington Claim #2, Equalizing Judgment entered 12/31/15 (same collateral), n/a, $33,982, n/a, 5%, All available Funds After Attorney Fees but subject to Paragraph 10.
3. As to Paragraph 2(b)(1), Claim of "J. Harrington Claim #2", STRIKE in its entirety and replace with a split claim as follows:
   a. J Harrington Claim #2, Attorney Fee Judgment entered 4/4/16, n/a, $4,000, n/a, 5%, $95 per month
   b. J Harrington Claim #2, Attorney Fee Judgment entered 4/4/16 (same collateral), n/a, $18,638, n/a, 5%, All available Funds After J. Harrington Claim #1 but subject to Paragraph 10.
4. As to Paragraph 10, ADD to the end of the Paragraph the following: "As defined in this paragraph 'Bonus Earnings' shall include those amounts identified as 'APB' and/or 'QPB' on the Debtor's pay stubs. The claims of J. Harrington identified in Paragraph 2 as being entitled to "all available funds…" shall receive at least 50% of any bonus earnings distributed by the Trustee pursuant to this paragraph and, if required by the Trustee, it shall be incumbent upon Debtor's Counsel to ensure compliance with this Paragraph."
5. As to Paragraph 11, STRIKE "January 31, 2021" and Replace with "April 30, 2020."
6. ADD new Paragraph 12 as follows: In resolving the objection of Jennifer Harrington, the Debtor and Jennifer Harrington stipulate that the following provisions of the Plan dated September 12, 2016 shall not be modifiable in the future:
   a. The principal amounts of "J. Harrington Claim #1" and "J. Harrington Claim #2"
   b. The minimum monthly payment made pursuant to Paragraph 2(b)(1) on the claims identified as "J. Harrington Claim #1" and "J. Harrington Claim #2"
   c. The language in Paragraph 10 entitling the claims of "J. Harrington Claim #1" and "J. Harrington Claim #2" to at least 50% of any bonus earnings paid into the Plan, AND
   d. The sale/refinance date in Paragraph 11 of April 30, 2020.